**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Suite 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
GLEN MONSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN MONSON,<br><br>        Plaintiff,<br><br>   vs.<br><br><br>SWIFTFUNDS FINANCIAL SERVICES, LLC,<br><br>        Defendant(s). | Case No.: 5:21-cv-249<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## <u>INTRODUCTION</u>

1.     GLEN MONSON (Plaintiff) brings this action to secure redress from SWIFTFUNDS FINANCIAL SERVICES, LLC (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  Plaintiff also

brings this action to secure redress from Defendant for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788].

## JURISDICTION AND VENUE

2.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions alleged in this Complaint originated here as Plaintiff is located and Defendant transacts business here.

## PARTIES

4.    Plaintiff is an individual, residing in San Bernardino, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5.    Defendant is a company engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in California.  The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

6.    Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and RFDCPA.

## FACTUAL ALLEGATIONS

7.    Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

COMPLAINT FOR DAMAGES

8.     At all times relevant to this action, Defendant called Plaintiff on Plaintiff's telephone number ending in 3914 for the purpose of collecting an alleged debt not owed by Plaintiff.

9.     Defendant contacted Plaintiff by telephone and text in attempt to collect on a debt not owed by Plaintiff.

10.     Plaintiff returned Defendants telephone call and was advised by a representative that the alleged debt did not belong to Plaintiff and the representative ended the telephone call.

11.     Nonetheless, Defendant has continued calling Plaintiff on a daily basis in attempt to collect the same debt not owed by Plaintiff.

12.     Within one year prior to the filing of this action, Defendant contacted Plaintiff in attempt to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

13.     Within one year prior to the filing of this action and on numerous occasions, Defendant placed multiple calls to Plaintiff. At all times relevant to this action, Defendant called Plaintiff for the purpose of collecting an alleged debt.

14.     Within one year prior to the commencement of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

15.     Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

16.     The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

### (Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)

17.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

(a)    Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b)    Defendant violated 15 U.S.C. §1692d(5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and;

(c)    Defendant violated 15 U.S.C. §1692e(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

19.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

21.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.    Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

---

COMPLAINT FOR DAMAGES

(a)    Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

23.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24.    As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and CAL. CIV. CODE § 1788.30(a) suffered as a result of both the intentional and/or negligent FDCPA and RFDCPA violations, in amounts to be determined at trial and for Plaintiff.

(b)    Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A) pursuant to CAL. CIV. CODE § 1788.30(b); and

(c)    Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3) and CAL. CIV. CODE § 1788.30(c);

(d)    For such other and further relief as the Court may deem just and proper.

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: February 11, 2021          **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*

- 6 -

COMPLAINT FOR DAMAGES